IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MONDELĒZ GLOBAL LLC,<br><br>    Defendant. | Civil Action No. 2:22-cv-00875-WSH |

**PLAINTIFF'S MOTION TO CERTIFY THE CLASS FOR SETTLEMENT PURPOSES AND FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff Blair Douglass ("Plaintiff"), on behalf of himself and all others similarly situated, moves pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an Order conditionally certifying a class for settlement purposes, preliminarily approving the settlement, approving the proposed notice and notice plan, and setting dates for the submission of objections to the proposed settlement agreement and a fairness hearing. In support of the Motion, Plaintiff states as follows:

1.  In May 2020, Plaintiff attempted to access Defendant's online stores, which are located at the links listed in Exhibit A to the Agreement and which include, among others, www.oreo.com and www.ritzcrackers.com. (Doc. 1, ¶ 45.)

2.  Plaintiff could not access Defendant's online stores because the stores were not compatible with screen reader auxiliary aids, which Plaintiff uses to access digital content because he is blind.[1]  (*Id.*, ¶¶ 20, 45.)

---

[1] Plaintiff uses the word "blind" to describe people who, as a result of a visual impairment, have substantially limited eyesight. This includes people who have no vision at all as well as those who have low vision. *See* James H. Omvig, *Why Use the Word "Blind"?*, Braille Monitor (Jan. 2009), https://nfb.org//sites/default/files/images/nfb/publications/bm/bm09/bm0901/bm090107.htm.

1

3. Consistent with prior guidance from this District, Plaintiff contacted Defendant informally to explore a prelitigation solution that would ensure Defendant's online stores become fully and equally accessible to blind screen reader users in the future. (*Id.*, ¶ 46.)

4. Plaintiff eventually filed a class action complaint on June 15, 2022. Plaintiff's complaint seeks declaratory and injunctive relief against Defendant, asserting Defendant does not have adequate corporate policies and practices reasonably calculated to cause its online store to be fully accessible to blind individuals, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, and its implementing regulations ("ADA"). (Doc. 1.)

5. After engaging in many months of good faith negotiations, the parties reached a settlement and executed a proposed settlement agreement.[2] The Agreement resolves this action and defines the settlement class as follows:

> [A]ll Blind or Visually Disabled individuals who use screen reader auxiliary aids to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who may access, attempt to access, or be deterred from attempting to access [the websites listed in Exhibit A to the Agreement] from the United States.

6. Under the terms of the Agreement,[3] Defendant shall ensure blind or visually disabled individuals full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the websites listed in Exhibit A to the Agreement, and any website or mobile application that Defendant develops, starts to operate, or acquires in the future, and which is publicly available to consumers in the United States.

---

[2] The propose settlement agreement is attached as Exhibit 1 ("Agreement").
[3] The terms of the Agreement are explained more fully in the corresponding Memorandum.

7. The proposed Agreement, notice,[4] and notice plan[5] are comparable to class action settlements resolving nearly identical claims that were finally approved in *Murphy v. Eyebobs, LLC*, No. 1:21-cv-00017, Doc. 49 (W.D. Pa. Feb. 9, 2022) ("*Eyebobs*") (Lanzillo, J.), *Murphy v. Charles Tyrwhitt, Inc.*, No. 1:20-cv-00056, Doc. 47 (W.D. Pa. Feb. 16, 2022) ("*Charles Tyrwhitt*") (Paradise Baxter, J.), *Murphy v. The Hundreds Is Huge, Inc.*, No. 1:21-cv-00204, Doc. 41 (W.D. Pa. Nov. 17, 2022) ("*The Hundreds*"), and *Giannaros v. Poly-Wood, LLC*, No. 1:21-cv-10351, Doc. 45 (D. Mass. Oct. 27, 2022) ("*Poly-Wood*"); preliminarily approved in *Douglass v. Optavia LLC*, No. 2:22-cv-00594, Doc. 18 (W.D. Pa. Sept. 14, 2022) ("*Optavia*"); in analogous cases brought by advocacy organizations like the National Federation of the Blind; and in enforcement actions by the Civil Rights Division of the U.S. Department of Justice.

8. In light of the substantial relief obtained and the inherent risks of continued litigation, the settlement is fair, reasonable, and adequate.

WHEREFORE, Plaintiff respectfully requests the Court:

(A) Certify the class for settlement purposes and appoint Blair Douglass as class representatives and Plaintiff's Counsel as Class Counsel;[6]

(B) Preliminarily approve the settlement as set forth in the proposed settlement agreement;

(C) Approve the notice and notice plan, including by setting:

(1) A date twenty-one (21) days after the Court grants preliminary approval as the deadline to publish notice of the settlement ("Notice Deadline");

---

[4] The proposed long-form notice is attached to the Agreement as Agreement Exhibit A.
[5] The proposed notice plan is attached to this Motion as Exhibit 2.
[6] Plaintiffs' counsel's resumes are attached to this Motion as Exhibit 3.

3

(2) A date forty-five (45) days after the Notice Deadline for Plaintiff to move for final approval and for reasonable attorneys' fees and costs;

(3) A date sixty (60) days after the Notice Deadline for submission of any objections to the Proposed Settlement Agreement;

(4) A date ninety (90) days after the Notice Deadline for a fairness and final approval hearing, or as soon thereafter as the Court may set the hearing.

Respectfully submitted,

Dated: November 18, 2022

*/s/ Kevin Tucker*
Kevin Tucker (He/Him) (PA 312144)
Kevin J. Abramowicz (PA 320659)
Chandler Steiger (She/Her) (PA328891)
Stephanie Moore (She/Her) (PA 329447)
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
https://eastendtrialgroup.com/
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, November 18, 2022, a true and correct copy of the foregoing document was filed on the Court's CM/ECF system and will be served upon all counsel of record.

Respectfully Submitted,

Dated: November 18, 2022         */s/ Kevin Tucker*
                                 Kevin W. Tucker (He/Him)